## John Merriman v. Samuel Kemper.

A purchaser cannot complain of a disturbance, which was the result of his own violation of his contract, and neglect in defending his rights, to the prejudice of his vendor.

Appeal from the District Court of St. Mary, *Boyce*, J.

Bullard. J. The facts disclosed in this case appear to be, that S. Kemper sold to the plaintiff, Merriman, two tracts of land, of which he took possession, in January, 1842. In the act of sale it was recited, that there existed a mortgage on one part of the land in favor of J. M. Kemper, which he promised to pay out of the first instalment which should be paid by Merriman. The debt due to J. M. Kemper, had been conveyed to Henry R. Lee, & Co., who recovered judgment upon it, against S. Kemper, the plaintiff's vendor, and execution was issued in November, 1842, and a part of the land in possession of Merriman was seized, and, on the 4th of February, 1843, was sold, and purchased by the plaintiff's attorney, who brought suit against Merriman, to recover the land thus purchased. S. Kemper, pending that suit, took out an order of seizure and sale to enforce the payment of the price due by Merriman, of which no part had been paid, and his proceedings were arrested by injunction, sued out in this case by Merriman, on the allegation of disturbance by the suit of Maskell, the purchaser. The court decreed that S. Kemper should give bond, with security, in the sum of twelve hundred dollars, to make good the title, and the plaintiff appealed. S. Kemper, the appellee, in his answer, claims an amendment of the judgment in his favor, and that the injunction be dissolved, without security.

It further appears that, at the same time, a writ of *fieri facias*, at the suit of Clark, Weyman & Co., against Samuel Kemper and others, was levied upon the same land, and that it was adjudicated to Maskell, on twelve months credit, under both writs. In the latter case it does not appear that the plaintiffs had any mortgage upon the premises, but that an ordinary *fieri facias*

was levied upon the land in the possession of Merriman, issued upon a judgment against his vendor.

· If the plaintiff had paid the instalment of the price according to his contract, and thus enabled S. Kemper to extinguish the mortgage, which had been transferred to Henry R. Lee & Co., and he had then neglected to perform his part of the contract, whereby the mortgagee had pursued the land in the possession of the purchaser, he would have been clearly entitled to the interference of a court of justice. But he who seeks equity must must do equity. The plaintiff not only neglected to pay the money by means of which the mortgage was to be extinguished, and thereby failed to put the latter in default; but he acquiesced in a proceeding, on the part of the creditors of Kemper, must clearly irregular, and which he might have opposed and resisted with success. He is, therefore, without equity, to complain of a disturbance, the result of his own violation of his contract, and negligence in defending his rights to the prejudice of his vendor.

The court, in our opinion, erred in ruling the defendant to give security.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed; and it is further adjudged and decreed, that the injunction be dissolved, and that the defendant, Kemper, recover of the plaintiff ten per cent damages, reserving to him his action upon the bond against the surety of the said plaintiff, with the costs in both courts.

*Gibbon*, for the appellant.

*Splane* and *Stewart*, for the defendant.